THE PEOPLE v. WELTON FRANCIS.

*New trial.*

1. The discretion of the circuit court in denying a new trial is not reviewable by the Supreme Court,

2. New trial need not be granted on the ground that the jury were not kept in a private place until they rendered their verdict if in fact they agreed upon it before leaving their room.

3. The verdict of a jury in a criminal case cannot be disturbed on exceptions if the evidence had any tendency to support it and the case was properly presented to the jury on the law.

Exceptions before judgment from Kent. (Montgomery, J.) January 30.—February 6.

INFORMATION for larceny. Conviction affirmed.

Attorney General *Jacob J. Van Riper* for the People. Irregularity in the conduct of the jury will not be ground for setting aside their verdict unless it be such as might affect their impartiality: *State v. Babcock* 1 Conn. 401; *People v. Douglass* 4 Cow. 26; *Whitney v. State* 8 Mo. 165; *Com. v. Roby* 12 Pick. 519; 3 Whart. Cr. Law § 3283.

*E. S. Eggleston* for respondent appellant.

SHERWOOD, J. The information in this case charges the defendant with the larceny of a pair of horses and harness at Cadillac, in Wexford county, of the value of $200, and being the property of Rose Ann Cramer. A conviction was had at the circuit and the case comes before us on exceptions before judgment.

The respondent claimed that he obtained the property and its possession from two young men who had it in charge for the owner and for sale, and who gave him a bill of sale thereof, and that he had no wrongful or felonious intent in obtaining it and disposing thereof.

On the other side it was claimed in behalf of the People that the respondent had followed the young men and the property from Kalamazoo to Cadillac, where through fraud and false pretenses to them, and with the felonious intent to defraud the owner of the property, he contrived to secure possession of the same under a pretended bill of sale, paying nothing therefor, and subsequently sold the property to another party.

Upon these theories the case was tried and the jury found a verdict against the defendant. The respondent moved before the circuit judge for a new trial. The motion was heard and granted. A second trial was had with a like result.

At the close of the People's proofs, the respondent's counsel moved for his discharge upon the ground that a case of larceny was not disclosed by the evidence. This motion was denied by the court and we think he ruled correctly. Motion was then made for a new trial based upon two grounds—*first*, that the verdict was against law and the evidence given in the case ; *second*, that the sheriff did not keep the jury in a private place till they rendered their verdict, but brought them from their room into the court-room about an hour before they rendered their verdict. It does, however, appear that they were not permitted to leave their room until after they had agreed upon the verdict and the judge so finds the fact.

We are not permitted to review the discretion of the

circuit judge on a motion for a new trial, but if we were we see nothing in this motion requiring the court to grant it.

There were no exceptions taken to the charge, which seems to have been well considered. The only question raised upon the bill of exceptions is, Was respondent entitled to his discharge when the People rested their case? We have carefully examined the record and the points presented by the respondent's counsel and we are clearly of the opinion that the case was a proper one for the jury, and that the circuit judge committed no error in so ruling.

The trial seems to have been very fair and the case clearly presented to the jury on the law, which we have no doubt was properly regarded, and the decision upon the facts we cannot disturb.

The circuit judge is therefore advised to render judgment upon the verdict.

The other Justices concurred.