PEOPLE v. BERRIDGE.

1. INFORMATION—AMENDMENT—CORRECTING STREET No. ADDRESS—
   INTOXICATING LIQUORS.
   In a prosecution for violation of the local-option law, the
   trial judge properly allowed the information to be
   amended correcting the street number of defendant's place
   of business, under 3 Comp. Laws 1915, § 15749.

2. CRIMINAL LAW—AMENDING INFORMATION—DENIAL 'OF CONTINU-
   ANCE—DISCRETION OF COURT.
   Where, after amendment of the information correcting the
   street number of defendant's place of business, defendant
   requested a continuance, which was not supported by a
   sworn showing, there was no abuse of discretion in refus-
   ing same.

3. SAME — WITNESSES — QUALIFICATIONS — EVIDENCE — ADMIS-
   SIBILITY—INTOXICATING LIQUORS.
   Where a witness testified that he knew the taste of whisky

and other liquors, his testimony that he had tasted the contents of containers seized in defendant's store, and that some of it was whisky and each was intoxicating liquor, stating what it was, *held*, admissible as against defendant's objection that it tended to bring the law into disrespect, although the more orderly way would have been to prove the character of said contents by chemical analysis.

4. SAME — DRUGGISTS — PARTNERSHIP — ILLEGAL POSSESSION OF LIQUORS—INTOXICATING LIQUORS.

Where defendants had filed the certificate of copartnership as druggists, as required by 2 Comp. Laws 1915, § 6354 *et seq.*, and were conducting a drug store under a firm name, but had filed no bond or otherwise complied with the requirements of the local-option law as a condition to selling liquors for excepted purposes, on a separate prosecution of one of them for a violation of said law, the presence of liquors in said store as a part and parcel of the stock in trade was the possession of defendant, although he was not present when the search and seizure took place.

5. SAME—UNDISPUTED FACTS—DIRECTED VERDICT.

Where the undisputed facts established defendant's guilt under the local-option law then in force, the trial judge properly instructed the jury that it was their duty to find defendant guilty.

Error to Genesee; Brennan (Fred W.), J. Submitted October 14, 1920. (Docket No. 105.) Decided December 21, 1920.

John C. Berridge was convicted of violating the local-option law, and sentenced to pay a fine of $500 and imprisonment for 65 days in the county jail. Affirmed.

*James S. Parker* and *Thomas F. Stockton,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Roy E. Brownell,* Prosecuting Attorney, and *Harry G. Gault,* Assistant Prosecuting Attorney, for the people.

Fellows, J.   The local-option law was in force in
Genesee county when this prosecution was instituted
against defendant Berridge and one Renn.   Defend-
ant Berridge upon a separate trial was convicted of a
violation of one of the provisions of the Pray act so-
called (2 Comp. Laws 1915, § 7121) and brings the
case here for review.   There had been a preliminary
hearing and testimony taken before the examining
magistrate.   This testimony as well as that taken
upon the trial showed that the defendants' place of
business was located at No. 529 North Saginaw street
in the city of Flint; the information as originally filed
stated the number to be 520 North Saginaw street.
The court permitted the information to be amended,
and an amended information to be filed alleging the
correct number.   This is assigned as error.   The ac-
tion of the trial judge was justified.   3 Comp. Laws
1915, § 15749; *People* v. *Meyer,* 204 Mich. 331.   Upon
the amendment being permitted defendant's counsel
asked a continuance of the case first for a week and
later for two weeks.   A colloquy occurred between the
court and counsel, but there was no sworn showing
made for a continuance.   We are not impressed that
the trial judge abused his discretion in refusing a con-
tinuance.   *People* v. *Jackzo,* 206 Mich. 183; *People* v.
*Eamaus,* 207 Mich. 442, 451.

The place of business of defendants had been
searched under a search warrant and numerous con-
tainers with their liquid contents had been taken.
These containers were produced in court, identified by
the police officer and were marked as exhibits.   This
witness testified that he knew the taste of whisky and
other liquors and had tasted the contents of some of
the containers and that it was whisky.   From several
of the other containers liquids were poured and given
to witness to taste on the stand and he testified that
each was intoxicating liquor and what it was.   During

this proceeding and after some of it had taken place defendant's counsel objected to this manner of procedure. It is here urged that this course was itself a violation of the law, that an analysis of the contents should have been made by a chemist, and that the proceedings had in the instant case would tend to bring the law into disrespect, especially by the unthinking. Defendant's counsel are undoubtedly correct in insisting that the more orderly way of establishing the character of the contents would be by showing a chemical analysis, but the witness had qualified himself to speak on the subject and his testimony was not inadmissible.

The defendants had filed with the county clerk the certificate of copartnership required by Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*). They were conducting a drug store under the name of Flint Drug Company but had filed no bond or otherwise complied with the requirements of the local-option law as a condition to permitting druggists to sell liquors for the excepted purposes. The undisputed testimony discloses that there was part of a bottle of whisky on a shelf back of the prescription case, 8 full bottles in the store room, a 10-gallon keg partly full of gin, a 10-gallon keg partly full of port wine and some alcohol. Some of this liquor was found on the shelves, some in the store room. This defendant was not present when the search was made and the officers did not know where he was. This fact was made the basis of requests to charge, presenting the theory that defendant could not be convicted unless he had personal knowledge of the fact that the liquor was illegally stored. These requests were refused. Upon the undisputed and unexplained facts of the instant case we think this ruling was correct. These liquors, as the undisputed testimony discloses, were a part and parcel of the stock in trade of the defendants doing business as the Flint Drug Company; they were in the

store of the partnership and in its possession. The fact that one of the partners was absent at the particular time did not change the situation. The possession of one of the partners in their place of business, and as a part of this stock, was the possession of and for both partners; each was the agent of the other in the partnership business. While possibly not directly in point the case of *People* v. *Damm,* 183 Mich. 554, and the authorities there cited, will be found to be illuminating.

The trial judge instructed the jury that under the undisputed facts it was their duty to find the defendant guilty. They retired and brought in such verdict. This was not error. *People* v. *Damskey,* 180 Mich. 664.

We conclude that there was no reversible error upon this record. The undisputed facts established defendant's guilt under the law then in force. His conviction is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.