PEOPLE *v.* MASCZ.

1. CRIMINAL LAW—CONTINUANCE—ABSENT WITNESS—MATERIALITY OF TESTIMONY NOT SHOWN.

In a prosecution for violation of the prohibition law, the court did not abuse its discretion in denying a motion for continuance on the ground that the testimony of a certain witness given before the examining magistrate was to be used by the prosecution, and that he had made certain admissions contradicting said testimony since the examination, and that he should be produced so that defendant could examine him in reference thereto, where no statement is made as to what said witness would testify if produced.

2. SAME—EVIDENCE—TESTIMONY OF ABSENT WITNESS BEFORE EXAMINING MAGISTRATE ADMISSIBLE.

The testimony of a witness before the examining magistrate, where defendant appeared personally and by counsel, and where the witness was cross-examined at length, was admissible at the trial of defendant, where it was made to appear that diligent effort of the prosecution to procure the attendance of said witness was unsuccessful.

3. NEW TRIAL—ABSENT WITNESS.
   The motion for a new trial, on the ground that one of the witnesses indorsed on the information was not produced by the prosecution at the trial, *held*, properly denied on a showing by the people that defendant's friends were active in procuring the absence of said witness.

Exceptions before judgment from Jackson; Williams (Benjamin), J.    Submitted January 17, 1924. (Docket No. 134.)    Decided March 5, 1924.

Stella Mascz was convicted of violating the liquor law.    Affirmed.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

MOORE, J.    This case is here on exceptions before sentence.

The defendant was convicted of violating Act No. 338, Pub. Acts 1917, as amended (Comp. Laws Supp. 1922, § 7079 [1-62]), in that she did, on February 16, 1923, sell to one William Warfield a pint of moonshine whisky, so-called.    Before the case was tried a motion was made for a continuance on the part of the defendant.    The reasons assigned were that defendant had been advised by her attorney that, because of the absence of one William Warfield, the prosecuting attorney proposes to use the testimony of the said Warfield taken before the examining magistrate, that said Warfield is reputed to have made admissions and statements since said examination which contradict the evidence given in said examination.    We quote:

"Respondent has been advised by her attorney that the said Warfield should be produced and questioned in regard to the said admissions and that the respond-

ent cannot safely and without prejudice go to trial in this cause without the presence of the said Warfield."

It will be noticed that no statement is made as to what Mr. Warfield would testify if produced as a witness, nor was any statement made that, if the case was adjourned, the presence of Mr. Warfield as a witness would be procured. We do not think it can be said the court abused its discretion in refusing a continuance. *People* v. *Foote,* 93 Mich. 38; *People* v. *Burwell,* 106 Mich. 27; *People* v. *Eamaus,* 207 Mich. 442.

The next assignment of error relates to the reception of the testimony of William Warfield, taken in the lower court where defendant appeared in person and by counsel, and where Mr. Warfield was cross-examined at length. It was made to appear by the testimony of several officers that a diligent effort had been made to procure the attendance of Mr. Warfield. The testimony was admissible. *People* v. *Schepps,* 217 Mich. 406 (21 A. L. R. 658).

The trial judge overruled a motion for a new trial and this is said to be error. The people made a counter showing as to this motion. In disposing of this motion the trial judge expressed himself as follows:

"In this case, the court declines to grant the motion for a new trial for the respondent. The claim is made that she is entitled to a new trial, because one of the witnesses indorsed on the information, one William Warfield, was not produced by the prosecution at the trial.

"The court is satisfied from the showing before it and the facts as they appear in evidence on the hearing, and on the motion for a continuance, that the respondent and her friends believe that if Warfield could be kept out of the State, that the people could not obtain a conviction, and the court is satisfied that the respondent's husband and her friends did actively participate in procuring the absence of War-

field from this vicinity when his services were needed as a witness; that after the conviction of one Hoskins, and after it had been learned that Warfield's examination in the court below would be permitted to go in evidence under the authority of *People* v. *Schepps,* 217 Mich. 406, that their views changed, and they decided that they wanted Warfield here. I do not think that respondents and their friends in criminal cases should thus play fast and loose with the processes of the courts."

The statements of the trial judge are very mild in view of the record. The testimony of Mr. Warfield did not stand alone. Two officers testified that they took him near to the house of defendant and searched him to see that he had no bottle of liquor upon his person; that they kept him in sight until he entered the house of defendant, that they saw him emerge therefrom about fifteen minutes later; that they kept him in sight until they overtook him, when he delivered to them a bottle of liquor which the chemist testified was intoxicating liquor. We do not think the trial judge abused his discretion in refusing a new trial. See *People* v. *Francis,* 52 Mich. 575; *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge,* 75 Mich. 360; *McCullough* v. *McCullough,* 187 Mich. at p. 407; *Nosa* v. *Railway Co.,* 196 Mich. 104.

We find no reversible error. The case is remanded for further proceedings.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.