PEOPLE v. DeWITT.

1. INDICTMENT AND INFORMATION—NEGLIGENT HOMICIDE—INFORMATION CHARGING INTOXICATION NOT BAD FOR DUPLICITY—SURPLUSAGE.

In a prosecution for negligent homicide under Act No. 98, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 15226 [2]), the information was not bad for duplicity because it alleged defendant's intoxication, since said fact could be shown without being charged, and its allegation was, therefore, mere surplusage.[1]

2. WITNESSES—PERMITTING DEFENDANT TO BE QUESTIONED AS TO TESTIMONY GIVEN BY ANOTHER AT INQUEST IS ERROR.

In a prosecution for negligent homicide, where defendant and his nephew, who was riding in the automobile with him at the time the accident occurred, were both witnesses, it was improper to permit the defendant to be asked whether he heard the nephew give testimony at the coroner's inquest contradictory to defendant's testimony at the trial.[2]

3. CRIMINAL LAW — INSTRUCTION THAT IF DEFENDANT EXCEEDED RATE OF SPEED FIXED IN STATUTE HE WAS GUILTY IS ERROR.

In a prosecution for negligent homicide, alleged to have

[1]Homicide, 30 C. J. § 331; Indictments and Informations, 31 C. J. §§ 304, 334; [2]Witnesses, 40 Cyc. p. 2714.

been caused by defendant's negligent driving of an auto-
mobile, an instruction that if defendant was driving his
car at a rate of speed greater than that fixed in the
statute, then he was guilty, was reversible error, since
the statute under which he was prosecuted (Comp. Laws
Supp. 1922, § 15226 [4]) provides that whether defendant
was driving at an immoderate rate of speed shall be a
question of fact for the jury and not depend upon the
rate of speed fixed by the law.[3]

4. SAME—SUPREME COURT PRESUMES THAT ERRONEOUS RATHER
   THAN CORRECT INSTRUCTION WAS FOLLOWED BY JURY.
      Where conflicting instructions are given, one erroneous
      and the other correct, the Supreme Court must presume
      that the jury followed the erroneous instruction.[4]

5. HOMICIDE—TESTIMONY AT CORONER'S INQUEST INADMISSIBLE ON
   SHOWING THAT WITNESS CANNOT BE FOUND.
      In a prosecution for negligent homicide, the testimony of
      a witness at the coroner's inquest may not be introduced
      upon a showing that the witness cannot be found, since
      an inquest is held without an accusation of crime, and
      defendant has had no opportunity to face his accuser.[5]

Exceptions before judgment from Ottawa; Cross
(Orien S.), J.   Submitted October 15, 1925.   (Dock-
et No. 133.)   Decided December 22, 1925.

Herman DeWitt was convicted of negligent homi-
cide.   Reversed.

*Clare E. Hoffman* and *Lokker & Den Herder,* for ap-
pellant.

*Andrew B. Dougherty,* Attorney General, and *Fred
T. Miles,* Prosecuting Attorney, for the people.

WIEST, J.   Defendant was convicted of the crime
of negligent homicide and reviews on exceptions be-
fore sentence.   Act No. 98, Pub. Acts 1921 (Comp.
Laws Supp. 1922, § 15226 [2]), provides:

---

[3]Homicide, 29 C. J. § 142; 30 C. J. § 573; [4]Criminal Law, 17
C. J. § 3505; [5]Homicide, 30 C. J. § 526.

"Every person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of the crime of negligent homicide."     *     *     *

The information charged defendant with unlawfully causing the death of Bessie Struik while he was operating an automobile at an immoderate rate of speed and in a careless, reckless and negligent manner, and while intoxicated.

July 15, 1924, at about 10:45 o'clock at night, a Pere Marquette passenger train stopped at the station in Holland with a sleeper coach, showing lights only in its vestibules at each end, standing across Eighth street. Defendant drove his Ford automobile, with Bessie Struik and his nephew on the rear seat, along Eighth street and collided with the sleeping car, and Miss Struik received injuries causing her death. It is claimed the information, in averring defendant's intoxication, is bad, for duplicity. We find no merit in this. It was unnecessary to charge intoxication for, without such a charge, the fact could be shown at the trial. It was surplusage.

The nephew and defendant testified at the coroner's inquest. At the trial the court permitted defendant to be asked about the testimony given by the nephew before the coroner contradictory of defendant's testimony at the trial. It was improper to ask defendant whether he heard the nephew give testimony at the inquest contradictory to defendant's testimony at the trial.

The trial judge laid before the jury the provisions of the statute, with reference to the speed of automobiles, and then stated:

"You are instructed that if you find from all the evidence in this case, and beyond a reasonable doubt, that East Eighth street in the city of Holland, at the place of this accident, is a part of the business district

of the city of Holland, then you are instructed that respondent had no right to drive along that street at a rate of speed greater than 15 miles per hour, and if you find beyond a reasonable doubt that respondent did at the time and place alleged, drive at a rate of speed greater than 15 miles per hour along a public highway in the city of Holland, through a business district, and as a result of such unlawful driving Bessie Struik was killed, then he is guilty of the crime here charged against him, and if you so find you should convict him.

"You are instructed if you find from the evidence in this case that East Eighth street, at the point of this accident is a residence district, then I instruct you that the respondent had no right to drive his car at a greater rate of speed than 20 miles an hour; and that if he did drive his car at a greater rate of speed than 20 miles an hour, and such unlawful driving resulted in the death of Bessie Struik, and you so find beyond a reasonable doubt, then he is guilty of the crime here charged against him."

These instructions were erroneous. *People* v. *Dougherty*, 232 Mich. 46. But it is insisted by the prosecutor that the error was cured by the following instruction:

"You are instructed that whether Mr. DeWitt was driving at an immoderate rate of speed, or in a careless, reckless or negligent manner, is a question of fact for you to decide, and does not depend upon the rate of speed fixed by law for operating a motor vehicle."

The statute, under which the prosecution was laid, provides:

"In any prosecution under this act, whether the defendant was driving at an immoderate rate of speed shall be a question of fact for the jury and shall not depend upon the rate of speed fixed by law for operating such vehicle."

We pointed out in the *Dougherty Case* that this provision does not rest guilt upon a violation of the

233—Mich.—15.

statute regulating the speed and operation of automobiles but leaves each case to be determined upon its facts and circumstances. If the jury followed the first instructions then defendant was convicted under an erroneous understanding of the law. Where conflicting instructions are given, one erroneous and the other correct, we must presume that the jury followed the erroneous instruction. *Silverstone* v. *Assurance Corp.*, 176 Mich. 525; *People* v. *Eggleston,* 186 Mich. 510; *In re Foerster's Estate,* 193 Mich. 440.

But one other point needs attention. The porter of the sleeper gave testimony at the coroner's inquest and, upon a showing that he could not be found, the prosecution was permitted, over objection, to introduce his testimony given at the inquest. We have held that testimony given at the examination of an accused may, if the witness cannot, upon diligent effort, be found, be introduced. *People* v. *Schepps,* 217 Mich. 406 (21 A. L. R. 658) ; *People* v. *Mascz,* 226 Mich. 187. But such holding is based on the fact that the accused was face to face with the witness at the examination, had an opportunity to question him and the testimony was given in the same criminal proceeding. An inquest is held without an accusation of crime, and the testimony there given could not be introduced as substantive proof at the trial.

The conviction is reversed, and a new trial granted.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.