PEOPLE v. FILLIAN.

CRIMINAL LAW — PROSTITUTION — DENIAL OF CONTINUANCE NOT ABUSE OF DISCRETION WHERE NO SHOWING MADE AS TO WHAT WITNESSES WOULD TESTIFY TO.

In a prosecution for prostitution the day following defendant's arrest, although her case was disposed of with unusual dispatch, there was no abuse of discretion in denying her motion for continuance in order that witnesses might be subpœnaed and preparation made for trial, where she did not inform the trial court what she proposed to show by the witnesses, and whether their testimony would be competent or material, or whether their attendance could be procured if continuance were granted, was not shown.

As to necessity of materiality of testimony of absent witness as ground for continuance, see 6 R. C. L. 557; 2 R. C. L. Supp. 155; 5 R. C. L. Supp. 355.

Certiorari to recorder's court of Detroit; Bowles (Charles), J.  Submitted April 12, 1928.  (Docket No. 162, Calendar No. 33,495.)  Decided June 4, 1928.

Anna Fillian was convicted of being a common prostitute, and sentenced to imprisonment for 90 days in the Detroit house of correction.  Affirmed.

*George F. Curran,* for appellant.

*Wilber M. Brucker,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Oscar A. Kaufman* and *Frank B. Ferguson,* Assistants Prosecuting Attorney, for the people.

MCDONALD, J.   The defendant seeks a review of her conviction on a charge of being a common prostitute. Her principal complaint of error relates to the refusal of the trial court to grant a continuance in order that she might have time to subpœna her witnesses and to prepare for trial.

The conceded facts show that she was arrested in the early morning of November 24, 1927.   She was arraigned in the forenoon of the following day in the recorder's court of the city of Detroit.   After plea, her attorney demanded a jury trial and asked for an adjournment to give him time to subpœna witnesses and prepare for trial.   His request was refused and she was immediately placed on trial.   At 4:30 p. m. of the same day the jury announced a disagreement and was discharged.   The defendant again requested a continuance of a few days.   This request was denied, and the second trial, which resulted in a conviction, was begun on the following morning.

The question is whether the trial judge abused his discretion in refusing the defendant's application for a continuance.

"Every person accused of crime and his counsel are entitled to a reasonable time in which to prepare for a trial after an accusation of crime is made; and a failure to afford this right is neither consonant with a sense of justice nor a fair and impartial administration of the law. What is a reasonable time is to be determined from all the facts and circumstances of the case and must be left largely to the discretion of the trial court, subject to review for abuse thereof." 16 C. J. p. 449.

There was very little testimony that could be produced on either side of the issue in this case. The people relied on the testimony of a man who followed the defendant into her home at 1 o'clock in the morning, and who testified that he there had sexual intercourse with her for which he paid her three dollars. She was a witness on the trial. She admitted the man was in her rooms at that time, but denied the act of intercourse. In addition to her testimony, she produced several character witnesses, but she now says that, by refusing a continuance of the case, the trial court deprived her of the testimony of two other witnesses. What these witnesses would have testified to if they had been sworn she does not state. In her application for a continuance, she did not inform the court what she proposed to show by these witnesses. Whether their testimony would be competent or material to the issue, or whether their attendance could be procured if a continuance were granted, was not shown.

In view of these facts, though her case was disposed of with unusual dispatch, we are of the opinion that, in refusing a continuance, the trial court did not abuse its discretion. *People* v. *Mason*, 63 Mich. 510; *People* v. *Burwell*, 106 Mich. 27; *People* v. *Berridge*, 212 Mich. 576; *People* v. *Mascz*, 226 Mich. 187.

The judgment of conviction is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. POTTER, J., did not sit.