## The People v. Frank Mason.

*Criminal law—Continuance of cause—Information—Filing at same term during which respondent is held.*

1. A respondent in a criminal case is entitled to a *reasonable* time to prepare for trial, and to have the aid of counsel; but a mere statement of such counsel that respondent is not prepared for trial, unsupported by affidavit showing the *necessity* for a continuance, is not a sufficient basis for such motion, and it is not error to refuse the same.

2. An information may be filed at the *same* term during which a respondent has been held for trial for a felony at the *next* term of court. Whether, if the respondent had given bail, his sureties would be bound to have him in court to answer to an information at the same term—Q.

Error to recorder's court of Detroit. (Chambers, J., presiding.) Argued October 27, 1886. Decided November 4, 1886.

Information for larceny from the person. Respondent convicted. Affirmed. The facts are stated in the opinion.

*James J. Brown,* for respondent.

*Moses Taggart,* Attorney General, for the People.

Champlin, J.   Mason was arrested on the seventh of September, 1886, upon a charge of larceny from the person of John Harvey.

His examination before a magistrate was had on the tenth of September, and resulted in his being held to answer an information at the next term of the recorder's court of the city of Detroit.

An information was filed against him in that court on the thirteenth of September, when he was arraigned, and pleaded not guilty. Upon his statement that he had no counsel, and no means to employ one, the court appointed an attorney of that court to defend him. · This was about eleven o'clock of the forenoon of that day, and the court announced that the trial would proceed at two o'clock in the afternoon, at which time his attorney moved the court for a continuance of the cause upon the ground that the defendant was not ready for trial for the reason that the examination before the police justice was held on the tenth day of September, 1886, and on that day he was bound over to the recorder's court for trial, and that he, said defendant, had been in jail since his arrest, on the seventh day of September, and, being still in jail and without counsel, had no opportunity to prepare his defense.

This motion was not supported by any affidavit showing the absence of any witness, or any reason why any delay should be granted.

It appears that there were two witnesses present from the state of Kentucky in behalf of the prosecution, and the court denied the motion, but stated that the trial would proceed, and the testimony of these witnesses should be taken, and then he would continue the trial of the case until the next day, if counsel for respondent desired.

The respondent made out no case for a continuance. He was entitled to a reasonable time to prepare for trial, and to have the aid of counsel; but a mere statement of counsel that the respondent is not prepared for trial is not sufficient basis for a continuance of the cause. The practice and rules of court require such applications to be supported by affidavit showing the necessity for delay, and, in the absence of such showing, it was not error to overrule the motion.

The case of *People v. Anderson*, 53 Mich. 60, is cited by counsel for respondent as an authority in his favor. In that case the application for a continuance was supported by affidavit showing the absence of a material witness, and that the accused had a good defense upon the merits, but did not conform to circuit court rule 55, in not stating what was expected to be proved by the witness, and we held in that case that the denial of the application was not a fatal error.

The counsel for the respondent also objected to proceeding with the trial, for the reason that the defendant had been examined for said offense before the police court during the *then* present term of the recorder's court, which had then already commenced and was in session, and the police justice had bound the defendant over for his appearance for trial at the next term of the recorder's court, which term would commence on the first Monday of October, 1886, and that respondent could not be tried before the first day of the next term.

The same objection was made in the case of *People v. Haley*, 48 Mich. 497, and it was there said:

"An objection was also made to the information as prematurely filed at the same term during which the complaint was made. We do not find anything in the statute to prevent filing an information as soon as it is found convenient. Had the respondent given bail, it might possibly have raised a question as to the time when his sureties were obliged to have him in court to answer. But we do not think the information bad on that account."

This disposes of the objection. The information was duly and properly filed in the recorder's court, and the respondent pleaded to it. The court was possessed of full jurisdiction, and the judgment must be affirmed.

The other Justices concurred.