THE STATE OF NORTH DAKOTA, Respondent, v. FRANK KOONCE, Appellant.

(183 N. W. 279.)

**Constitutional law — constitutionality of Redistricting Act cannot be raised in prosecution for unlawful sale.**

1. In a criminal prosecution for the sale of intoxicating liquors, the defendant may not raise the question of the constitutionality of the Judicial Redistricting Act (chap. 16, Laws of Regular Session, 1919), in which the county is made a part of a larger district than formerly obtained and in which provision is made for additional judges.

**Constitutional law — objection to constitution of court under Redistricting Act held not well founded.**

2. There is no merit in a constitutional objection to the manner in which the court is constituted, where it appears that the court is presided over by the same judge who would be the district judge de jure if the constitutional objections were valid.

**Criminal law — new trial for newly discovered evidence held properly denied for want of diligence.**

3. For reasons stated in the opinion, it is *held*, that the court did not err in denying the defendant's motion for a new trial on the ground of newly discovered evidence.

Opinion filed May 28, 1921.

Appeal from the District Court of Ramsey County, *Buttz, J.*

Affirmed.

*W. M. Anderson,* for appellant.

The legislature, acting solely by itself, cannot change the fundamental law. Changes in our constitution must have the approval of the electors. State v. Dahl, N. D. 6, 82.

This appeal presents squarely a constitutional question, and it is the right and duty of the judiciary to decide it. 8 Cyc. p. 728b and cases

cited; Varney v. Justice, 86 Ky. 596; Daily v. Swope, 47 Miss. 367; Newell v. People, 7 N. Y. 9.

*Rollo F. Hunt,* for respondent.

Courts will listen distrustfully to a claim of newly discovered evidence, and such a ground for a new trial is not favored. 16 C. J. 1182; 16 C. J. 1182-1183; R. C. L. vol. 20, § 73; Fleet v. Hollenkemp, 13 B. Mon. (Ky.) 219; 56 Am. Dec. 563.

"The additional evidence, to afford opportunity for the introduction of which a new trial is sought, must be duly discovered, by which expression is meant that it must have been discovered since the trial. If discovered before, or at the trial, and no continuance of the trial was applied for, an answer to the motion that no diligence is shown will be sufficient to defeat it, no matter what else may be shown. McGregor v. Great Northern Railway, Co. 31 N. D. 471; Alymer v. Adams, 30 N. D. 514.

The new evidence must be material and competent. 16 C. J. 1183.

"The newly discovered evidence is purely impeaching and the general rule is that such evidence does not furnish a good ground for granting a new trial. Heyrock v. McKenzie, 8 N. D. 601; 80 N. W. 762.

The granting or denial of a new trial is a matter of discretion with the trial court. Alymer v. Adams, supra; McGregor v. Great Northern Ry. Co., supra.

Birdzell, J.  On November 13, 1920, the defendant was convicted in the district court of Ramsey county of selling intoxicating liquor to be used as a beverage, the alleged offense having been committed on the 11th of July, 1920. This is an appeal from the judgment of conviction and from orders entered denying the defendant's motions in arrest of judgment and for a new trial. There are only two questions presented on the appeal: First, that the defendant was not convicted in a legally constituted court; and, second, that the court erred in denying the defendant's motion for a new trial on the ground of newly discovered evidence. The first question was raised at the beginning of the trial by an objection entered on the record by the defendant's attorney going to the jurisdiction of the court to proceed in the case in any manner on the ground that the court was not legally constituted, by reason of the fact that chap. 16 of the Laws of the Regular Session, 1919 (the Judicial

Redistricting Act), is void, as violating article 4 of the Constitution. The contention is that the Legislature possessed no power under the Constitution to decrease the number of judicial districts by increasing the boundaries of each so as to embrace more counties and to increase the number of judges in each district. We express no opinion whatever on the merits of this constitutional objection to the Judicial Redistricting Act. We are satisfied that the defendant is not in a position to raise the question. State v. Ely, 16 N. D. 569, 113 N. W. 711, 14 L. R. A. (N. S.) 638; State v. Bednar, 18 N. D. 484, 121 N. W. 614, 20 Ann. Cas. 458. Furthermore, if it be conceded that the act were unconstitutional and that the defendant could raise the question, there would still be no merit to the point; for it appears that the court in which the defendant was tried was presided over by the judge who, in the absence of such legislation, would have been the de jure judge in the county.

It is next claimed that the court erred in denying the defendant's motion for a new trial. The motion was supported by the affidavit of one Severtson, whose testimony would embrace the newly discovered evidence, and by the affidavit of the defendant. It appears that at the trial the state produced as its principal witness one Ole Tufte. He testified that on the day the offense was alleged to have been committed, he and his wife drove into the village of Southam, where the defendant was running a store; that it was on Sunday afternoon, and he stopped his car a short distance from the defendant's store; that he saw a man there of whom he inquired as to a place where he could get some whiskey. The man replied that he did not know, but he would see; and that thereupon this man, together with the witness, Tufte, entered the defendant's store where the liquor was purchased, the witness giving a check for it which was written by the defendant himself. Upon his cross-examination the witness Tufte stated that the name of this man was Severt Severtson and that he resided in Southam. Severtson's name was not indorsed on the information as a witness, nor was he called by the state. It appears, however, from the testimony of the sheriff, that a subpœna for Severtson had been in his hands two days before the trial, but he had not served it for the reason that the deputy had been unable to locate him. In Severtson's affidavit he says that he is well acquainted with Koonce and with Tufte; that he never was in the defendant's store at Southam with Ole Tufte on a Sunday in the summer of 1920; that he saw Tufte on a Sunday in the summer of 1920 buying ice cream and carrying it out of the

pool room in Southam to some one in his auto; that Tufte never asked affiant where he could get some whiskey; that affiant never told him where he could get liquor in Southam. The defendant's affidavit is merely to the effect that the defendant did not know until after the trial that Severtson would contradict Tufte's testimony to the extent indicated, and that he had no reason to believe that Tufte would testify that Severtson accompanied him into the affiant's store. It will be seen that the newly discovered evidence relied upon would not impeach or contradict the testimony of Tufte with reference to his purchase of the liquor, but at best would only negative his testimony as to the circumstances leading up to the purchase. It appears that Severtson was well acquainted with the defendant; that he lived in Southam, where he was engaged in driving a school bus. It would seem that if the testimony of the witness Tufte was thought by the defendant to have been false upon the subject in question, he would have made an effort to obtain Severtson's testimony before the close of the trial. In view of the defendant's own testimony to the effect that Tufte came into his store on the Sunday in question and bought some other articles, the importance of the contradictions is minimized. We are of the opinion that the trial court did not err in the exercise of its discretion against the defendant upon the motion for a new trial. The judgment and the orders appealed from are affirmed.

ROBINSON, C J., and BRONSON, and CHRISTIANSON, JJ., concur.

GRACE, J. I concur in the result.