PEOPLE v. ULBERG.

1. CONTEMPT—FAILURE TO RESPOND TO SUMMONS—HEARING.
   A defendant who failed to appear in a city recorder's court in response to a summons could not have been adjudged in contempt of court without a hearing (3 Comp. Laws 1929, § 15227).

2. BAIL—FORFEITURE—ISSUANCE OF BENCH WARRANT.
   Where State police gave defendant motorist a summons to appear in a city recorder's court for exceeding speed limit and for driving without an operator's license and defendant did not appear, the judge of such court had authority to forfeit the bail and issue a bench warrant (3 Comp. Laws 1929, § 17177).

3. COURTS—JUDGMENT.
   Courts speak only through their judgments, orders and decrees.

4. HABEAS CORPUS—OFFER OF SETTLEMENT—JURISDICTION OF COURTS.
   An offer of settlement of matter by city recorder's court before whom resident of another county had been summoned to appear on charges of exceeding speed limit and driving a car without an operator's license was immaterial in determining whether or not circuit court of county in which defendant was resident had jurisdiction to release defendant on habeas corpus after defendant had been imprisoned on bench warrant issued by recorder's court (3 Comp. Laws 1929, § 15227).

5. CRIMINAL LAW—JURISDICTION—HABEAS CORPUS—BENCH WARRANT.
   Circuit court of county in which defendant was a resident may not interfere, by release on habeas corpus, with jurisdiction of city recorder's court pursuant to whose bench warrant defendant had been imprisoned after his failure to appear in response to summons for exceeding speed limit and driving car without an operator's license as the city court had exclusive jurisdiction over defendant (3 Comp. Laws 1929, § 15227).

6. COSTS—HABEAS CORPUS—JURISDICTION OF COURTS.

   Costs on appeal are taxed against defendant on appeal in habeas
   corpus proceeding whereby it was determined that court which
   released him had no jurisdiction to do so while he was im-
   prisoned on a bench warrant of a court which had exclusive
   jurisdiction of him.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 3, 1945. (Docket No. 1, Calendar No. 43,000.) Decided December 3, 1945.

Habeas corpus proceedings by Cornelius J. Ulberg to obtain release from custody on bench warrant issued by Judge of Recorder's Court of City of Cadillac. Writ granted. Judge of Recorder's Court appeals. Reversed.

*Fred M. Breen,* Judge of Recorder's Court of the City of Cadillac, *in pro. per.*

*John W. Rae,* Prosecuting Attorney of Washtenaw County, and *Burke, Burke & Smith,* for appellee.

BUSHNELL, J. Defendant Cornelius J. Ulberg, an alderman of the city of Ann Arbor, received a summons from the State police for exceeding the speed limit near Cadillac, Michigan, and for driving without an operator's license. He did not appear in the recorder's court of the city of Cadillac, as directed by the summons, but wrote to the judge of the recorder's court, and had a telephone conversation with him. Ulberg claims to have been informed by the chief of police of Ann Arbor that his deposit of $25 as a cash bond for appearance in the Cadillac court could be used in payment of his fine and costs. Not having appeared, the judge of the recorder's court of Cadillac issued a bench warrant for the ar-

rest of Ulberg and placed it in the hands of the State police.

As a result of the telephone conversation, and subsequent to the issuance of the warrant, the judge of the recorder's court of the city of Cadillac wrote defendant a letter, on November 25, 1944, in which he stated:

"When you phoned me, I told you that if you would have the officer in Ann Arbor, Mr. Mortenson, write me that he gave you to understand that the payment of the $25 to him was all that was necessary, I would be glad to have him do so; otherwise, I suggest that you send $16 and that I would then dispose of the matter.

"His letter to me stated that you would appear here on October 17th; and his letter also indicated that he had sent you a copy of his letter to me, stating that you would be here on the 17th day of October.

"This matter must be disposed of not later than the 29th of this month in one of three ways:

"1st. A remittance of $16, $10 for the excessive speed, and $6 for no operator's license;

"2d. A letter from Chief of Police Mortenson of your city, stating that he told you that the payment of $25 was all that you would have to do; and that he did not send you a copy of the letter that he sent to me;

"3d. The bench warrant that I issued must be enforced."

The record contains the following letter, dated November 28, 1944, from the chief of police to the judge at Cadillac:

"We are herewith enclosing your bench warrant against Cornelius Ulberg who was charged with exceeding the speed limit and which warrant was sent

to this department by the Michigan State Police for service.

"Service was not made on this warrant due to the fact that the original warrant against this subject was sent here and Mr. Ulberg was contacted, at which time he posted a $25 bond to guarantee his appearance in your court on or before October 17, 1944. This bond was forwarded to your court in the form of a cashier's check.

"We find that the check was accepted and cashed by your court and as Mr. Ulberg did not appear, it was taken for granted that the bond was forfeited and the case closed.

"We have contacted the prosecuting attorney of this county and it is his opinion and decision that, due to the fact that the check was cashed, that we would not be within our rights to make the service of any other warrant in this case on the above-named person.

"Trusting this is satisfactory, I remain."

Defendant, when later arrested and imprisoned by the sheriff of Washtenaw county, filed a petition and was granted a writ of habeas corpus by the late Honorable George W. Sample, circuit judge of Washtenaw county. Upon the application of Honorable Fred M. Breen, judge of the recorder's court of Cadillac, we granted leave to appeal in the nature of certiorari from the order of the circuit court of Washtenaw county releasing Ulberg on habeas corpus.

Several questions are presented in appellant's brief and in the brief of appellee. The controlling one is whether the circuit court of Washtenaw county could properly exercise jurisdiction in the matter.

The statute, 3 Comp. Laws 1929, § 15227 (Stat. Ann. § 27.2271), relating to habeas corpus, provides:

"It shall be the duty of such court or officer forthwith to remand such party if it shall appear that he is detained in custody, either:

"1. By virtue of process issued by any court or judge of the United States, in a case where such court or judge has exclusive jurisdiction; or

"2. By virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree; or

"3. For any contempt specially and plainly charged in the commitment by some court, officer or body having authority to commit for the contempt so charged; and

"4. That the time during which such party may be legally detained has not expired."

Judge Breen contends that Ulberg was in contempt because of his failure to appear in the recorder's court of Cadillac. However, he could not have been adjudged in contempt of court without a hearing. Undoubtedly the judge of the recorder's court had authority to forfeit the bail and issue a bench warrant because of Ulberg's failure to appear. 3 Comp. Laws 1929, § 17177 (Stat. Ann. § 28.902), and 1 Gillespie's Criminal Law & Procedure, § 203.

Since courts speak only through their judgments, orders and decrees, the offer of settlement of the matter is beside the point. Without expressing approval or disapproval of the procedure adopted by the recorder's court of Cadillac, we are forced to the conclusion that it had exclusive jurisdiction over Ulberg; and it was improper for the circuit court of Washtenaw county to interfere with that jurisdiction.

The order discharging Ulberg is vacated and held for naught, and defendant is remanded to the custody of the sheriff of Washtenaw county in accord-

ance with the mandate of the bench warrant of the recorder's court of the city of Cadillac. Because of the nature of the case, it is ordered that costs in this court shall be taxed against the defendant.

STARR, C. J., and NORTH, CARR, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.