### PEOPLE v. SMITH.

1. CRIMINAL LAW—CONTINUANCE—UNSWORN STATEMENT.
 Denial of motion for continuance of prosecution for drunk driving was not an abuse of discretion, which motion had been made by defendant's attorney but was supported by unsworn statement of defendant's employer that it was necessary that defendant be elsewhere on the date set for trial, hence forfeiture of bond and issuance of capias were proper.

2. SAME—CONTINUANCE—DRUNK DRIVING—DISCRETION OF COURT.
 Validity of claim on defendant's presence elsewhere than in court on date set for trial of charge of drunk driving was a matter for determination by the trial judge rather than defendant's employer, hence, denial of continuance was not an abuse of discretion.

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division; Murphy (George T.), J. Submitted April 17, 1952. (Docket No. 86, Calendar No. 45,405.) Decided June 2, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur, Continuances §§ 5, 14, 23.

Frank E. Smith was charged with drunk driving. On failure to appear, bond was forfeited and capias issued. Defendant appeals. Affirmed.

*Harold H. Emmons, Jr.,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Garfield A. Nichols* and *Joseph A. Sullivan,* Assistant Prosecuting Attorneys, for the people.

Dethmers, J. On December 22, 1951, defendant was arrested on a drunk driving charge. Upon arraignment in the recorder's court of the city of Detroit on December 24th, trial was set for January 2, 1952. On Friday, December 28th, the president of defendant's employer, Overhead Conveyor Company, located in Detroit, wrote a letter to defendant's attorney, received during the middle of the afternoon on Monday, December 31st, stating that defendant was one of its valued engineers and that it would be necessary for him to be in Gary, Indiana, on January 2d in connection with the installation, inspection and completion of an overhead conveyor system in a defense plant, and that such installation was essential to national defense requirements. Defendant's attorney immediately called the judge's office to request an adjournment. Neither the judge nor the assistant prosecutor involved was available, whereupon the attorney called the police officer in charge of the case and understood from him that a continuance would be arranged.

At opening of court on January 2d, defendant's attorney appeared, presented the employer's letter, and asked for an adjournment. The judge read the letter, asked whether that was the only excuse for defendant's not being in court and, upon the attor-

ney's affirmative reply, forthwith denied the motion for continuance and ordered forfeiture of bond and issuance of a capias. Defendant's attorney's motion for approval of a bond on appeal and stay of proceedings was denied. Thereafter this Court granted leave to appeal and stayed proceedings upon filing of approved bond.

Defendant claims abuse of discretion in the refusal of a continuance. Cases cited in support of defendant's claim involve situations in which denial of continuance worked to the prejudice of a defendant's right to a fair trial. Such is not the present situation. While we find nothing in the trial court's actions or demeanor to commend, we cannot hold it to have been an abuse of discretion to deny a continuance on the mere unsworn statement of defendant's employer that, on the basis of its own determination and conclusions, it would be necessary for him to be elsewhere on the date set for trial. The validity of the claim on defendant's presence elsewhere was a matter for determination by the court rather than by his employer. The motion was unsupported by affidavit or any other showing from which it might be determined when the alleged need for defendant's presence in Gary first became known to him or that defendant could not, in the exercise of due diligence, have arranged to be present for trial or have moved for a continuance seasonably before the prosecution, with 6 witnesses, was present in court and ready for trial. In *People* v. *Mason,* 63 Mich 510, this Court said:

"A mere statement of counsel that the respondent is not prepared for trial is not sufficient basis for a continuance of the cause. The practice and rules of court require such applications to be supported by affidavit showing the necessity for delay, and, in the absence of such showing, it was not error to overrule the motion."

Under the circumstances, forfeiture of bond and issuance of capias were proper. *People* v. *Ulberg,* 313 Mich 204.

Affirmed, with costs to plaintiff.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.