[File No. 7228]

HERMAN WOLFGRAM, Respondent, v. J. E. HALL; Village of Crary, North Dakota, a municipal corporation; Ernest Velandri, et al, Trustees of the Village Board of Crary, North Dakota; Mrs. Felix Vogel, Clerk of the Village of Crary, North Dakota; and Jess Nicholson, Treasurer of the Village of Crary, North Dakota, and J. E. Hall, Appellant.

(54 NW2d 896)

Opinion filed September 25, 1952

*Cuthbert & Foughty,* for appellant.
*Johnson & Bausch,* for respondent.

BURKE, J. The appeal in this case is from a judgment decree-ing an injunction. In his complaint, plaintiff alleged that the defendants, Ernest Velandri, Ed. Niebauer and Ingvald Alves-tad, Trustees of the Village of Crary, Mrs. Felix Vogel, Clerk of the Village of Crary and Jess Nicholson, Treasurer of the Vil-lage of Crary, had issued or were about to issue to the defendant, Hall, a license of permit to sell beer, in violation of Ordinance No. 12 of the Village, which limited the number of beer licenses to one for each 750 inhabitants. He demanded judgment, (1) enjoining the defendant, Hall, from operating under any beer license which may be, or is about to be issued to him by the duly constituted officers of the Village of Crary; and (2), enjoining the officers of the Village of Crary from issuing a license to the defendant, Hall, to engage in the selling of beer in the Village of Crary. Pending the trial of the action on the merits, a temporary injunction was issued enjoining the defendants in the manner prayed for in the complaint.

The defendant, Hall, and the defendant village officers filed separate answers. In so far as matters of defense are con-cerned, the answers are identical in substance. They alleged: (1), that Ordinance No. 12 was invalid because it was irregular-ly adopted and because it was repugnant to the Constitution of the State of North Dakota; (2), that in any event Ordinance No. 12 had been repealed prior to the commencement of this ac-tion; and (3), that plaintiff did not have sufficient interest to maintain this action. In the defendant's, Hall's, answer there were also included allegations of damage by reason of the tem-porary injunction and a prayer that such damages be assessed and allowed by the court. At the trial on the merits, the plain-tiff, with leave of the court, amended his complaint by adding an

allegation that the purported repeal of Ordinance No. 12 was void because at the Trustee's Meeting at which the repealing ordinance was read for the first time, two of the defendants, who participated in such meeting as trustees, had not yet qualified by filing their oaths of office. The trial resulted in a judgment for the plaintiff, and the defendant, Hall, has appealed.

During the trial of the case there seems to have been some confusion as to what the issues established by the pleadings actually were and there was considerable testimony upon matters which were wholly irrelevant. Aside from the issue of the sufficiency of the interest of the plaintiff to maintain the action, there was but one ultimate issue in the case. That was whether, at the time the action was commenced, there was a valid ordinance of the Village of Crary which prohibited the officers of the village from issuing a license to the defendant, Hall. Certainly if there was no legal bar to the issuance of a license, the defendant city officers could not be enjoined from issuing one, nor could the defendant, Hall, be enjoined from entering into business under any license which might be issued.

Ordinance No. 12 is signed by the President of the Board of Trustees and attested by its Clerk. It bears the endorsement that it was read the first time on October 4, 1948, read a second time on October 11, 1948, and approved on October 18, 1948. The minutes of the Board show the action taken on October 4 and October 11 but there are no minutes of any meeting on October 18. There is some dispute in the testimony as to whether such a meeting was held but all members of the Board, who testified, stated they had approved the ordinance. This ordinance limited the number of beer licenses in the Village of Crary to one for every 750 inhabitants and provided for a preference in favor of the holders of existing licenses. It is admitted that the population of Crary is about 250 and that at the time of the approval of Ordinance No. 12 there was but one beer license in the village.

The minutes of the meeting of the Board of Trustees held on February 21, 1950 show that the trustees present were E. Velandri, F. Schall and F. Vogel. They also show the first reading of Ordinance No. 16 and the adoption of a motion "to accept

$25.00 Twenty-five Dollars from. J. E. Hall for a beer license." The trustees, Schall and Vogel, had just been elected to fill vacancies on the board and at the time of this meeting had not filed their oaths of office. These oaths were filed on February 23, 1950. The minutes of the meeting of the Board of Trustees held on March 1, 1950 show the second reading and adoption of Ordinance No. 16. Ordinance No. 16 provided for the repeal of those provisions of Ordinance No. 12 which limited the number of beer licenses to one for every 750 inhabitants.

This action was commenced by the service of a summons on March 2, 1950 or one day after the approval of Ordinance No. 16. If Ordinance No. 16 was a valid ordinance it is immaterial, in so far as this action is concerned, whether Ordinance No. 12 was regularly adopted or whether it was constitutional because valid or invalid it would be wiped out by the repeal.

The only challenge to the validity of Ordinance No. 16 is that two regularly appointed members of the Board of Trustees had not qualified by filing their oaths of office at the time of the first reading of the ordinance. These two officers, however, were at that time in possession of their offices and they were discharging the duties thereof under color of authority. We are satisfied therefore that they were de facto officers. Chandler v. Starling, 19 ND 144, 121 NW 198. Their failure to file oaths of office does not deprive them of their status as de facto officers. Gulbrandson v. Midland, 72 SD 461, 36 NW2d 655, 24 NCCA NS 580; 43 Am Jur 235; Annotation in LRA1918B 1124. As de facto officers, their acts were valid and effective. State ex rel. Sathre v. Moodie, 65 ND 340, 258 NW 558; State ex rel. Bookmeir v. Ely, 16 ND 569, 113 NW 711, 14 LRA(NS) 638; State ex rel. Butler v. Callahan, 4 ND 481, 61 NW 1025. It follows that Ordinance No. 16 was a valid ordinance, that the restrictive provisions of Ordinance No. 12 were thereby repealed and that at the time this action was commenced, there was no legal restriction upon the power of the Board of Trustees to issue a beer license to the defendant Hall. Plaintiff's action should therefore have been dismissed.

During the course of the trial some confusion arose because of the fact that the Village Board had approved the defendant's,

Hall's, application for a license before the repealing ordinance was finally adopted. It was contended that the board had no power to approve Hall's application at that time. Whether the board had such power at that time is wholly immaterial here because no license was ever issued as a result of such approval and the board did have the power to approve and issue a license to Hall at the time this action was commenced.

There remains the question of defendant's claim of damages. Section 32-0605 NDRC 1943 provides:

"When no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide the plaintiff was not entitled thereto. *The damages may be ascertained by a reference or otherwise as the court shall direct.*"

It appears from the foregoing statute that a trial court, upon the dissolution of an injunction has discretionary power to assess damages, to order the damages to be ascertained by reference or in such other manner as the court may direct. Under such a statute the court in its discretion, may "leave the injunction defendant to his remedy by action at law." 43 C. J. S. (Injunctions Sec. 283, 1060) Since all that would remain of this action upon remand to the district court would be the strictly legal question of damages, we think it best, and therefore order, that this action be dismissed without prejudice to the right of the defendant to maintain an action at law for such damages as he may have suffered.

MORRIS, C. J., and CHRISTIANSON and GRIMSON, JJ., concur.

SATHRE, J., did not participate.