**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Curtiss MAYHEW, Defendant and Appellant.**

**Cr. No. 433.**

Supreme Court of North Dakota.

May 11, 1973.

TEIGEN, Judge.

The defendant has appealed from an order of the district court which sets aside as null and void a preliminary examination in a criminal case because it was held before a county justice who was not qualified to hold the office on appointment by the county commissioners.

The defendant was arrested and charged with the crime of embezzlement, a felony. He was taken for a preliminary examination before Mel D. Diers, who had been appointed county justice by the county commissioners. At the close of the preliminary examination the defendant was discharged on the ground that the State had failed to establish sufficient cause to believe the defendant guilty. The state's attorney orally announced his intention to submit the record made at the preliminary examination to the district court for review under the provisions of Section 29-07-18, N.D.C.C. In due course the matter came on for review before the district court as provided by that statute. The district court set the preliminary examination aside for reasons set forth in its order, as follows:

"(1) That the hearing was held before Mel D. Diers, purportedly acting as County Justice of Kidder County;

"(2) That Mr. Diers is not an attorney licensed to practice law in the State of North Dakota; and

"(3) That the appointment of Mr. Diers as County Justice was by the Board of County Commissioners of Kidder County and not by a District Judge of this District.

"Accordingly, the Court adjudges that the appointment of Mr. Diers was not in conformity with law and was therefore a nullity and that Mr. Diers did not have jurisdiction to hear the preliminary examination in the above-entitled action and any action by Mr. Diers was and is null and void."

Christensen, Christensen & Bear, Bismarck, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, and Linn Sherman, State's Atty., Steele, for plaintiff and respondent.

The court then ordered as follows:

"(1) That the Board of County Commissioners of Kidder County submit to a District Judge of this District the names of three persons whom they consider to be qualified to act as County Justice, in the event they are unable to secure a licensed attorney to accept the position;

"(2) That a new preliminary examination be held in the above-entitled action before a new and properly appointed County Justice acting in and for Kidder County."

On this appeal it is the contention of the defendant, and in this contention the State joins, that Mel D. Diers, if not a county justice de jure, was in fact a county justice de facto at the time of the preliminary examination; that the district court, on its own motion, had no authority to challenge his jurisdiction and authority; and that, therefore, the order must be reversed and the matter returned to the district court for proper review of the preliminary examination pursuant to the request of the state's attorney.

Our statutes provide that the office of county justice may be created by resolution of the board of county commissioners in certain counties; that the office shall be filled by election, but in the event the office, when created, is not filled by election, the board of county commissioners shall have the power to appoint a qualified person to said office. Section 27-18-01, N.D.C.C.

The next section provides, as a qualification for office, that a county justice must be a person licensed to practice law in this state. Section 27-18-02, N.D.C.C.

The statutes also provide that if the board of county commissioners determines that there is no person possessing the required qualifications, under Section 27-18-02, for county justice, who will accept such position, and certain other factors are present, the board of county commissioners may submit the names of at least three qualified electors of the county, who need not be licensed to practice law in the state but whom the said commissioners deem qualified to perform the duties of a county justice, to the senior judge of the district court in and for such county. Under such circumstances a district judge may appoint from the list submitted not more than two persons to serve as county justices. Section 27-18-06, N.D.C.C.

It appears that because Mr. Diers was not licensed to practice law in this state the board of county commissioners were without power to appoint him to the office. It is agreed by the parties to this appeal that the findings of the district court in this respect are correct. However, both parties disagree with the district court's conclusions and result.

 We find that the district court was in error. The office of county justice had been created by resolution of the board of county commissioners of Kidder County. It therefore had de jure existence. At the time of the preliminary examination Mr. Diers was in possession of that office and was discharging the duties of that office under color of authority. Therefore we are satisfied that he was a de facto county justice.

In State v. Ely, 16 N.D. 569, 113 N.W. 711 (1907), this court, as early as 1907, held that a person acting and recognized by the public as a judge of the district court of a county in a new district before the law establishing such new district had become operative, by appointment of the governor made under the erroneous belief that the new district was already in existence, was a judge de facto, and his acts in that capacity were held to be valid as to third persons and the public. On the basis of that holding, this court refused to grant relief by habeas corpus to a person convicted and sentenced by such judge.

In State v. Bednar, 18 N.D. 484, 121 N.W. 614 (1909), another criminal case involving the same judge and in which the decision in *Ely* was attacked, the court re-

affirmed the position it had taken in *Ely* and also held that the acts of the de facto judge were not subject to attack by a private suitor.

In Youmans v. Hanna, 35 N.D. 479, 160 N.W. 705, 161 N.W. 797 (1916), it was held that so far as the public and third persons are concerned the acts of officers de facto which fall within the scope of their assumed official authority are generally as valid and binding as if they were the acts of officers de jure, and that this rule applies with full force to judicial officers.

In State v. Koonce, 48 N.D. 108, 183 N.W. 279 (1921), a defendant who had been convicted in the district court, on appeal, contended that he was not convicted in a legally constituted court by reason of the unconstitutionality of the Judicial Redistricting Act. However, this court refused to express an opinion on the constitutional objection for the reason that the court found that the defendant was not in a position to raise the question, citing in support thereof *Ely* and *Bednar*.

In addition to the cases cited above involving the judiciary, this court has applied the same rule to other officers. In Wolfgram v. Hall, 79 N.D. 138, 54 N.W.2d 896 (1952), it was held that newly-elected village trustees who were in possession of their offices and were discharging the duties thereof under color of authority but who had failed to file their oaths of office, were de facto officers whose acts were valid and effective. In Hazelton-Moffit Special School Dist. No. 6 v. Ward, 107 N.W.2d 636 (N.D.1961), we held that county committeemen under the school reorganization act and the county superintendent of schools, who were in possession of their respective offices, exercising the functions thereof, and discharging their duties under color of authority, were de facto officers even though the county committeemen had been appointed by a superintendent of schools who was ineligible to hold office and the appointments were made to offices where no vacancies existed.

State ex rel. Sathre v. Moodie, 65 N.D. 340, 258 N.W. 558 (1935), was an original proceeding in quo warranto in this court, instituted by the attorney general and involving the title to the office of governor, in which proceeding the governor was removed. In that case this court stated that although Mr. Moodie was not entitled to hold the office, nevertheless, no question could be raised as to validity of the official acts performed by him because, under the wise provisions of the law, every act so done was valid and effective as he was clothed with prima facie title to the office and was a de facto officer and, as such, was clothed with all the rights and powers he would have enjoyed as a de jure officer possessed of every qualification. The court cited in support thereof State v. Ely, *supra.*

This state has been consistent in its holdings in this area and we conclude that the district court erred here. Therefore we direct the clerk of this court to enter a judgment, pursuant to the provisions of Rule 36 of the Rules of Appellate Procedure for the Supreme Court of North Dakota (N.D.R.App.P), which became effective March 1, 1973, providing that the order from which the appeal was taken be reversed and the matter be returned to the district court with directions that it review the record made of the preliminary examination in accordance with the provisions of Section 29–07–18, N.D.C.C., and that no costs be taxed against either party under Rule 39 of the N.D.R.App.P.

Because both parties to this appeal are agreed that the order of the district court should be reversed and the matter returned to the district court for review pursuant to statute, we order that a petition for rehearing, if any, be filed within two days after entry of judgment, under Rule 36, N.D.R.App.P., and if no petition has then been filed that the mandate under Rule 41, N.D.R.App.P., issue forthwith.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.