STATE of North Dakota, Plaintiff-Appellee,

v.

Marvin HAGGE, Defendant-Appellant.

Cr. No. 511.

Supreme Court of North Dakota.

June 24, 1975.

Bosard, McCutcheon, Kerian, Schmidt & Holum, Ltd., Minot, for defendant-appellant.

Richard B. Thomas, State's Atty., Minot, for plaintiff-appellee.

PEDERSON, Judge.

## CASE SUMMARY

This is an appeal from the revocation by the district court of its order theretofore issued allowing costs of appeal to be taxed by the Ward County clerk of court in favor of the defendant-appellant and against the plaintiff-appellee. Oral argument was waived.

## FACTS

For the third time these parties are before us on matters arising out of a collision on U. S. Highway 52 on the evening of June 8, 1972, which resulted in the death of Mitchell Zietz. The first decision is found as State v. Hagge, 211 N.W.2d 395 (N.D. 1973), and the second is State v. Hagge, 224 N.W.2d 560 (N.D.1974). The State was successful on the first appeal and Hagge was successful on the second appeal. Both cases were appeals from rulings in criminal trials.

Costs on appeal are not mentioned in either opinion. The printed form used by this court, labeled "Mandate" and attached to the opinions issued, contains the following:

> "AND IT IS FURTHER CONSIDERED AND ADJUDGED, That
> have and recover of the
> costs and disbursements on this appeal expended, to be taxed and allowed in the District Court."

The mandate attached to each of the Hagge opinions had all of the above-quoted language crossed out by typewriter. The record before us does not show whether the State, as the successful party, entered or tried to enter costs in the district court against Hagge after the first appeal.

After the second appeal, Hagge, as the successful party, made a motion for an order allowing costs and disbursements upon appeal, pursuant to Rule 39(e), N.D.R. App.P. After first granting Hagge's motion, the trial court, upon reconsideration, ruled that costs are not taxable against the State and revoked the previous order. This third appeal was then taken by Hagge.

## ISSUES

Both parties agree that there is only one issue, to wit: Is Marvin Hagge entitled to his costs on appeal under Rule 39, N.D.R. App.P.?

## DECISION

Rule 39, N.D.R.App.P., patterned after Rule 39, Federal Rules of Appellate Procedure, was adopted by an order of the Supreme Court on December 13, 1972, effective March 1, 1973. In order to understand the intent of Rule 39 and its application to a criminal appeal, it is necessary to examine the historical background of the Rule.

Prior to the Rule, costs in criminal appeals were rarely awarded to either the State or the defendant, regardless of the outcome of the appeal. 20 Am.Jur.2d, Costs, § 100, states the general rule to be:

> "Costs in criminal prosecutions are unknown at common law; their recovery in any criminal case depends wholly upon statutory provisions therefor."

20 C.J.S. Costs § 435, uses the language: "* * * it is the rule as well in criminal as in civil cases that the recovery and allowance of costs rest entirely on statutory provisions—that no right to or liability for costs exists in the absence of statutory authorization."

Our examination of the rules and statutes applicable prior to March 1, 1973 (Rules of Practice in Causes in the Supreme Court of North Dakota, 76 N.D. Reports, Rules 17, 18 and 19; and Chapter 29–28, N.D.C.C.), fails to disclose any specific rule or statute allowing costs on appeal in a criminal matter. It presumably could be argued that Rule 18 left an inference that in both civil and criminal appeals, "unless otherwise ordered by the court in the opinion or remittitur, costs * * * (for briefs) shall be allowed the prevailing party * * *."

The only case referred to us by Dakota Digest, Costs (on appeal in criminal cases), key number 317, is that of State v. Richardson, 16 N.D. 1, 109 N.W. 1026 (1906), which was not an appeal of a criminal case but an appeal from a statutory removal proceeding which specifically provided for costs. No other pertinent cases are called to our attention by the parties and we have found none.

New rules of appellate procedure were proposed by the State Bar Association in a petition to the Supreme Court of North Dakota, dated July 1, 1971. Costs on appeal were provided for in proposed Rule 23 as follows:

"RULE 23. *COSTS*

"(a) To Whom Allowed. Unless otherwise provided by law, (1) if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; (2) if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; (3) if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; and (4) if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the Court.

"(b) Costs on Appeal Taxable in the Trial Court. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, the reasonable and necessary costs of preparing briefs under the rules (presumed to be $100.00 for appellant's brief and $75.00 for respondent's brief), and the fee for filing the notice of appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

"(c) Costs on Appeal. Taxable in the Supreme Court. In original proceedings before the Court costs, as applicable in (b) above, may be taxed by the Clerk in favor of the party entitled to costs."

An earlier copy, labeled "Draft # two", was submitted to the court by the Appellate Procedure Subcommittee of the Procedure Committee, with a letter dated March 10, 1970, from its chairman, J. Philip Johnson, in which he states, in part:

"Some states follow separate rules of civil and criminal appellate procedure. It was determined that we would attempt to follow the federal rules in incorporating both in one set of rules."

Rule 23 of Draft # two reads as follows:

"RULE 23. *COSTS*

"(a) To Whom Allowed. Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

"(b) Costs for and Against the State of North Dakota. In cases involving the State or an agency or officer thereof, if an award of costs against the State is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (2); otherwise, costs shall not be awarded for or against the State.

"(c) Costs of Briefs, Appendices, and Copies of Records. The cost of printing or otherwise producing necessary copies of briefs and appendices shall be taxable in this Court at actual and reasonable costs incurred. The cost of preparing briefs under the rules shall be presumed to be not less than $100.00 for the appellant and $75.00 for the appellee. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment.

"(d) Clerk to Insert Costs in Mandate. The clerk shall prepare and certify an itemized statement of costs taxed in this Court for insertion in the mandate. If the mandate has been issued before final determination of costs, the statement, or any amendment thereof, may be added to the mandate at any time upon request of the clerk of this Court.

"(e) Costs on Appeal Taxable in the District Courts. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule."

The court records fail to disclose the reasons why the provision relating to costs for and against the State of North Dakota was omitted from the petition to the Supreme Court.

The proposed rules were thereafter adopted. Rule 23 became Rule 39 of N.D.R. App.P., to conform to the Federal Rules of Appellate Procedure. There is no provision in Rule 39 comparable to proposed Rule 23(b) (Draft # two) or to Rule 39(b) of the Federal Rules. Rule 39 of the N.D.R. App.P. now reads as follows:

"Rule 39

"COSTS

"(a) To whom allowed. Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant *unless otherwise ordered*; if a judgment is reversed, costs shall be taxed against the appellee *unless otherwise ordered*; and if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

"(b) [Reserved for future use.]

"(c) [Reserved for future use.]

"(d) [Reserved for future use.]

"(e) Costs on appeal taxable in the trial court. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, the reasonable and necessary costs of preparing briefs under the rules (presumed to be $100 for appellant's brief and $75 for appellee's brief), and the fee for filing the notice of appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

"(f) Costs taxable in the supreme court. In original proceedings before the court, costs as applicable in (e) above may be taxed by the clerk in favor of the party entitled to costs." [Emphasis added.]

Since the adoption of these rules, this court has decided forty criminal appeals. On only one occasion did this court refer in the decision itself to Rule 39 of the N.D.R. App.P., that being the case of State v. Mayhew, 207 N.W.2d 330 (N.D.1973), wherein the court, at 333, said:

"Therefore we direct the clerk of this court to enter a judgment, * * * and that no costs be taxed against either party under Rule 39 of the N.D.R.App.P."

The mandate in *Mayhew* made no affirmative statement concerning costs but had the same cost provisions crossed out by typewriter as was done in both *Hagge* opinions, and as was done in thirty-five of the other thirty-seven cases decided by this court after March 1, 1973. The two exceptions were cases in which there were certified questions of law and the standard mandate form was not used, and, in which cases, the mandate affirmatively stated that neither party was to be allowed costs.

When this court orders that no costs shall be allowed in a criminal case, the clerk of this court follows the standard practice of crossing out the printed mandate provisions allowing costs. The same procedure has been followed since March 1, 1973, regardless of whether the State or the defendant has been the successful party on appeal and regardless of whether the State is furnishing counsel and all other costs for the defendant or the defendant pays for such expenses.

Recognizing the universal principle that, at common law, costs, as such, were unknown in a criminal case, North Dakota's criminal statutes have long provided for costs at the trial level.

A number of states have provided for costs on appeal in criminal cases by statute, e. g.:

Pennsylvania [see Commonwealth v. Trunk, 320 Pa. 270, 182 A. 540 (1936)]

Washington [see State v. Crockett, 159 Wash. 303, 293 P. 287 (1930)]

Massachusetts [see Connor v. Commonwealth, 296 N.E.2d 172 (Mass.1973)]

Michigan [see People v. Smith, 334 Mich. 10, 53 N.W.2d 595 (1952), and People v. Willis, 1 Mich.App. 428, 136 N.W.2d 723 (1965)]

Missouri [see Cramer v. Smith, 350 Mo. 736, 168 S.W.2d 1039 (1943)]

 We hold that Rule 39(a), N.D.R. App.P., requires an order by this court, either in the decision or in the mandate, if the costs are not to be assessed as specified in Rule 39(a), and that the action by the clerk of this court of striking out of the mandate all provisions relating to costs is pursuant to, and constitutes a constructive order that costs are not to be allowed to either party according to the Rule itself.

The order of the trial court revoking its previous order allowing costs on appeal to Hagge is affirmed.

Neither party shall recover costs on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.