**Bradley KEYES, Plaintiff and Appellant,**

v.

**Susan AMUNDSON, Robert Amundson, Craig Stoner, G & J Hotshot Service, Inc., and Getter Trucking, Inc., Defendants and Appellees.**

**Civ. No. 10782.**

Supreme Court of North Dakota.

Feb. 1, 1985.

Greenwood, Greenwood & Greenwood, Dickinson, for plaintiff and appellant Bradley Keyes. Submitted on briefs.

Bjella, Neff, Rathert Wahl & Eiken, Williston, for defendants and appellees Susan Amundson and Robert Amundson. Submitted on briefs.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for defendants and appellees Craig Stoner and G & J Hotshot Service, Inc. Submitted on briefs.

McIntee & Whisenand, Williston, for defendant and appellee Getter Trucking, Inc. Submitted on briefs.

VANDE WALLE, Justice.

In *Keyes v. Amundson*, 343 N.W.2d 78 (N.D.1983), this court awarded the plaintiff, Bradley Keyes, a new trial on his tort action against the defendants. In so doing we used the following language:

"We vacate the judgment, reverse the order denying the motion for new trial, and remand for a new trial."

Thereafter, this court issued its mandate, signed by the Chief Justice, under which it was ordered that Keyes recover from the defendants his costs and disbursements on appeal.

Pursuant to the mandate, a judgment for costs on appeal was entered by the clerk of the district court of Williams County. Thereafter, the district court entered two orders which, in effect, disallow costs on appeal to Keyes on the ground that this court's mandate was signed only by the Chief Justice and therefore did not constitute a proper award of costs "by the court" as required by Rule 39(a), North Dakota Rules of Appellate Procedure.

Keyes filed an appeal with this court from the foregoing orders. The defendant-appellees assert that the district court's orders disallowing costs on appeal to Keyes are not appealable; for that reason they request this court to dismiss the appeal.

Although we have reservations about the appealability of the court's orders in this case at this time, we conclude that the issue of appealability will not prevent us from now considering the orders. Because the issue involved is concerned with the fundamental authority of this court and its

procedures, we consider this proceeding to be a request for a supervisory writ which is within our superintending control over inferior courts.

Rule 39, N.D.R.App.P., provides in relevant part:

"If a judgment ... is vacated, costs shall be allowed only as ordered by the court."

We hold that the mandate issued by this court, which was signed by the Chief Justice, constituted an order by this court, in compliance with Rule 39, N.D.R.App.P., directing that Keyes recover costs and disbursements on appeal. See *State v. Hagge*, 231 N.W.2d 773 (N.D.1975). Accordingly, we direct the district court to enter a judgment for costs on appeal to Keyes as ordered by the mandate.

In addition, we order that costs and disbursements on this proceeding shall be awarded to Keyes and taxed against the defendant-appellees.

SUPERVISORY WRIT ISSUED.

ERICKSTAD, C.J., GIERKE, J., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.